RECEIVED
2005 OCT 28 P 2:50

[U.S. DISTRICT COURT MIDDLE DISTRICT ALA.]

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VALERIE GREY and BRIDGET SMITH, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CV-05- 2.05CV1039-F ) JURY DEMAND ) |
| SOURCECORP, INC. | ) ) ) |
| Defendant. | ) |

## COMPLAINT

**I.   INTRODUCTION**

1.  This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000(e) et seq., as amended by "The Civil Rights Act of 1991," 42 U.S.C. §1981a (hereinafter "Title VII") and 42 U.S.C. §1981, which provide for relief against race discrimination in employment. The plaintiffs seek compensatory and punitive damages and request a jury trial pursuant to 42 U.S.C. §1981a.

**II.   JURISDICTION AND VENUE**

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(a)(4); 28 U.S.C. §§ 2201 and 2202; and 42 U.S.C. § 2000e-5(f)(3).

1

3. The unlawful employment practices alleged hereinbelow were committed by the defendant within Butler County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

4. The plaintiffs request a jury trial on all issues pursuant to 42 U.S.C. §1981a.

### III. PARTIES

5. The plaintiff, Valerie Grey, is an adult African-American female citizen of the United States, and a resident of Butler County, Alabama. Grey was formerly employed by the defendant.

6. The plaintiff, Bridget Smith, is an adult African-American female citizen of the United States, and a resident of Butler County, Alabama. Smith was formerly employed by the defendant.

7. Defendant, Sourecorp, is an employer within the meaning of 42 U.S.C. Section 2000e and Section1981. At all times relevant to this action, SOURCECORP, Inc. employed at least fifteen (15) or more employees.

### IV. ADMINISTRATIVE EXHAUSTION

8. The plaintiffs satisfied all conditions precedent required pursuant to Title VII. The plaintiffs timely filed their charges of discrimination and filed this suit within 90 days of their receipt of their Right-To-Sue Notices.

### V. STATEMENT OF FACTS

9. Plaintiff Valerie Grey and Bridget Smith began working for the defendant on July 31, 2000 as Data Entry Operators in its Georgiana, Alabama facility, and they were both promoted to supervisor on or around February 5, 2001.

10. The defendant terminated the plaintiffs on or around September 9, 2004 because of their African-American race.

11. The defendant has failed to offer a legitimate non discriminatory reason for terminating or laying off the plaintiffs.

12. After the defendant terminated the plaintiffs, the defendant subsequently selected less qualified whites, Cynthia Sessions and Sherry Sexton, to take over the plaintiffs' supervisory duties and responsibilities.

13. The plaintiffs were substantially more qualified than Sessions and Sexton for the supervisory positions they held after the plaintiffs' discharge. Indeed, Sessions had been working in a non-supervisory role as a Quality Control Clerk at the time the plaintiffs were discharged. Moreover, Plaintiff Grey had trained Sexton and Plaintiff Smith had trained Cynthia Sessions.

14. These discriminatory decisions were made by Timothy White and Charles Combes, who are both white.

15. As a result of the defendant's actions, the plaintiffs have suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and conditions of employment. Additionally, the plaintiffs have suffered injury, including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## VI. CAUSES OF ACTION – RACIAL DISCRIMIANTION

16. The plaintiffs re-allege and incorporate by reference paragraphs 1-15 above with the same force and effect as if fully set out in specific detail hereinbelow.

17. During the plaintiffs' employment, the defendant discriminated against them because of their African-American race in ratings, evaluations, termination, layoff, recall, rehiring, hiring and other terms, conditions and privileges of their employment.

18. The defendant took the above stated adverse employment actions against the plaintiffs because of their race. Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of the plaintiffs.

19. The plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is their only means of securing adequate relief.

20. The plaintiffs are now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### VIII. PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiffs secured by Title VII and 42 U.S.C. §1981.

2. Grant the plaintiffs a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII and 42 U.S.C. §1981.

3. Enter an Order requiring the defendant to make the plaintiffs whole by awarding them the positions they would have occupied in the absence of race discrimination (or front

pay), and by awarding them back-pay (plus interest), nominal damages, lost seniority, benefits, lost pension benefits, compensatory and punitive damages.

4. The plaintiffs further pray for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY**

Respectfully submitted,

Jon C. Goldfarb (ASB-5401-F58J)
Maury S. Weiner (ASB-8856-W86M)
Kell A. Simon (ASB-0214-O77K)
Counsel for Plaintiffs

**OF COUNSEL**:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS**:
SOURCECORP
606 Highway 31 South
Georgiana, AL 36033