IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VALERIE GREY and<br>BRIDGET SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>SOURCECORP, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NUMBER:<br>)  2:05-cv-01039-MEF-CSC<br>)<br>)<br>)<br>) |

## ANSWER

Defendant Image Entry of Alabama, Inc. (d/b/a SOURCECORP Business Process Solutions), incorrectly named in Plaintiff's Complaint as "Sourcecorp," responds to Plaintiffs' Complaint as follows:

**I.   INTRODUCTION**

1.   Defendant admits that Plaintiffs purport to bring an action under Title VII of the Civil Rights Act of 1964, as amended, and under 42 U.S.C. §§ 1981 and 1981a, and admits that Plaintiffs seek compensatory and punitive damages and request a jury trial. Defendant denies that it violated any statute or engaged in any unlawful conduct toward Plaintiffs, and denies any remaining allegations contained in paragraph 1.

**II.   JURISDICTION AND VENUE**

2.   Defendant admits that this Court has subject matter jurisdiction over the claims asserted in Plaintiffs' Complaint. Defendant denies that it violated any statute or engaged in any unlawful conduct toward Plaintiffs, and denies any remaining allegations contained in paragraph 2.

3. Defendant admits that venue is proper. Defendant denies any remaining allegations contained in paragraph 3.

4. Defendant admits Plaintiffs seek a jury trial on all issues but denies that it violated any statute or engaged in any unlawful conduct toward Plaintiffs, and denies any remaining allegations contained in paragraph 4.

### III. PARTIES

5. Admitted, upon information and belief.

6. Admitted, upon information and belief.

7. Admitted, with the exception that Defendant is named incorrectly.

### IV. ADMINISTRATIVE EXHAUSTION

8. Upon information and belief, Defendant admits Plaintiffs have satisfied all required conditions precedent to the extent that (1) the claims alleged in the Complaint are based on events occurring within 180 days of Plaintiffs' filing of their Charges of Discrimination with the Equal Employment Opportunity Commission and (2) the claims alleged in the Complaint do not exceed the scope of the Charges of Discrimination. Otherwise, Defendant denies the allegations set forth in this paragraph.

### V. STATEMENT OF FACTS

9. Defendant admits that Grey and Smith began working for defendant on July 31, 2000 as Data Entry Operators in Georgiana. Defendant admits that, on or about February 5, 2001, Grey was promoted to Data Entry Supervisor for the Blue Cross and Blue Shield OCR Repair and seasonal Mailroom Supervisor for the Alabama Department of Revenue Income Tax and Smith was promoted to Data Entry Supervisor

for Sales and Use Tax and BCBS departments. Defendant denies any remaining allegations set forth in this paragraph.

10. Defendant admits that it laid off Grey and Smith on or about September 10, 2004 as a result of a business restructuring, but denies that race played any part in the decision and denies any remaining allegations set forth in this paragraph.

11. Denied.

12. Denied.

13. Denied.

14. Defendant admits that Timothy White and Charles Combs are both white, and further admits that they were decision-makers with regard to the restructuring at the Georgiana facility that is at issue in this case. Defendant denies that any decisions made were discriminatory and denies any remaining allegations set forth in this paragraph.

15. Denied.

**VI. CAUSES OF ACTION - RACIAL DISCRIMINATION**

16. Defendant realleges and incorporates by reference its responses to paragraphs 1-15 above as though fully set forth herein.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## VII. PRAYER FOR RELIEF

The remainder of the Complaint is a prayer for relief requiring neither an admission nor denial by Defendant; Defendant denies, however, that Plaintiffs are entitled to any remedy or relief from Defendant.

## ADDITIONAL DEFENSES

Defendant hereby states the following affirmative and additional defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to a particular defense asserted. Defendant further does not waive any right it may have to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST DEFENSE

Any factual assertions or allegations made in Plaintiffs' Complaint that are not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

## SECOND DEFENSE

Plaintiffs' Complaint, or alternatively portions thereof, fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendant did not engage in any discriminatory or unlawful conduct toward Plaintiffs.

## FOURTH DEFENSE

Some or all of Plaintiffs' claims are barred because Defendant has at all times acted reasonably and in good faith toward Plaintiffs.

## FIFTH DEFENSE

Some or all of Plaintiffs' claims are barred because Defendant has not acted with malice or reckless disregard for Plaintiffs' federally protected rights.

## SIXTH DEFENSE

Defendant's conduct toward and treatment of Plaintiffs was at all times based upon legitimate, nondiscriminatory factors other than race.

## SEVENTH DEFENSE

Plaintiffs cannot prove any discriminatory conduct by Defendant; alternatively, even if Plaintiffs could prove discriminatory conduct by Defendant (which Plaintiffs cannot), Defendant would have taken the same actions based upon legitimate, non-discriminatory reasons.

## EIGHTH DEFENSE

Plaintiffs are not entitled to some or all of the relief requested in their Complaint because, even if Defendant was found to have considered any discriminatory or impermissible factors in any decisions or actions with respect to Plaintiffs, which Defendant denies, no such decisions or actions were motivated by any discriminatory or impermissible factors.

## NINTH DEFENSE

Plaintiffs are not entitled to some or all of the relief requested in their Complaint because, even if Defendant was found to have considered any impermissible factors in any decisions or actions with respect to Plaintiffs, which Defendant denies, Defendant would have taken the same action with regard to Plaintiffs' employment regardless of any impermissible factors.

### TENTH DEFENSE

Some or all of Plaintiffs' claims are barred because Defendant maintained, disseminated and enforced a clear policy against discrimination establishing reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory and because Defendant acted in accordance with this policy at all times.

### ELEVENTH DEFENSE

Even if Plaintiffs could show that any alleged discrimination occurred, which it did not, some or all of Plaintiffs' claims are barred to the extent they failed to put Defendant on notice of the alleged misconduct in a timely manner, and thus failed to provide Defendant a reasonable opportunity to take remedial action.

### TWELFTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior.

### THIRTEENTH DEFENSE

Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

### FOURTEENTH DEFENSE

There is no causal relation between the acts of Defendant and any injury or damage allegedly suffered by Plaintiffs.

### FIFTEENTH DEFENSE

Plaintiffs are not entitled to a recovery based on any count in their Complaint because:

    a.    Plaintiffs have not been damaged;

b.  Plaintiffs have failed to mitigate their alleged damages (and even if they had mitigated their damages, Plaintiffs are not due any additional damages) and Defendant is entitled to an offset;

c.  Defendant did not engage in any wrongful conduct giving rise to a cause of action in favor of Plaintiffs;

d.  Defendant was not the cause of any of the damages alleged by Plaintiffs;

e.  The conduct which Plaintiffs attribute to Defendant did not proximately cause the injuries alleged by Plaintiffs;

f.  There is no causal relationship between any alleged wrongful conduct of Defendant and the injuries or damages which Plaintiffs claim; and/or

g.  Plaintiffs have misstated the nature and extent of their claimed damages.

### SIXTEENTH DEFENSE

To the extent that Plaintiffs seek to assert claims based on events occurring beyond the applicable statutes of limitations, those claims are barred.

### SEVENTEENTH DEFENSE

Defendant affirmatively avers that any Title VII claims of Plaintiffs that arose more than 180 days prior to the filing of their Charges of Discrimination with the Equal Employment Opportunity Commission (EEOC) are barred for failure to meet the conditions precedent to bringing this action. Moreover, any Title VII claims outside the scope of a reasonable investigation of that Charge of Discrimination are likewise barred.

### EIGHTEENTH DEFENSE

Defendant pleads insufficiency of process under Federal Rule of Civil Procedure 12(b)(4) and insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5).

### NINETEENTH DEFENSE

Plaintiffs have failed to plead special damages with specificity as required by the Federal Rules of Civil Procedure, therefore, they are barred from any recovery of special damages.

### TWENTIETH DEFENSE

Plaintiffs are not entitled to any award of punitive damages.

### TWENTY-FIRST DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant under the Constitutions of the United States of America and the State of Alabama.

### TWENTY-SECOND DEFENSE

Any allegedly discriminatory actions or decisions by Defendant's agents or its employees would have been contrary to Defendant's good faith efforts to comply with federal law and Defendant did not condone, ratify or endorse such actions.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred to the extent the damages allegedly suffered by Plaintiffs were proximately caused by their own actions.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred to the extent they consented to or participated in the alleged wrongful acts about which they complain.

### TWENTY-FIFTH DEFENSE

Plaintiffs are due none of the relief requested.

## TWENTY-SIXTH DEFENSE

To the extent Plaintiffs are basing their claim for relief under § 1981 on a showing of disparate impact from a neutral practice, such a showing is insufficient to prove a § 1981 violation.

## TWENTY-SEVENTH DEFENSE

Some or all of Plaintiffs' claims are barred by the doctrine of unclean hands.

## TWENTY-EIGHTH DEFENSE

Plaintiffs are not entitled to attorneys' fees, costs or expenses.

## TWENTY-NINTH DEFENSE

Subsequent to the date on which these Plaintiffs were laid off, Defendant learned information that would have caused it to terminate one or both Plaintiffs' employment. Therefore, under *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995), Plaintiffs are not entitled to reinstatement, front pay, or back pay beyond the date upon which this information was discovered.

## THIRTIETH DEFENSE

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence.

WHEREFORE, having stated its affirmative and additional defenses and having fully answered Plaintiffs' Complaint, Defendant prays as follows:

    a.    That the Court dismiss all claims against the Defendant with prejudice;

    b.    That the Court enter judgment against Plaintiffs and in favor of Defendant;

    c.    That costs be assessed against Plaintiffs;

    d.    That Defendant be awarded its attorneys' fees and costs incurred in the defense of this action; and

e. That the Court render to this Defendant such other and further relief as it deems just and proper.

Respectfully submitted,

s/Donna Eich Brooks
David J. Middlebrooks ASB 8553-D58D
Donna Eich Brooks ASB-9566-O60D

OF COUNSEL:
LEHR MIDDLEBROOKS PRICE & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
(205) 326-3008

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Jon C. Goldfarb, Esq.
> Maury S. Weiner, Esq.
> Kell A. Simon, Esq.
> Wiggins, Childs, Quinn & Pantazis, P.C.
> The Kress Building
> 301 19th Street North
> Birmingham, AL 35203

s/Donna Eich Brooks
OF COUNSEL

144336